IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
(Orlando Division)

Case No.: _____

MARCY MARTINEZ DE GALVIS ,

    Plaintiffs,

v.

Removed from Circuit Court
of Seminole County, Florida
CASE NO.: 2022-CA-002840 CI

NATIONAL SPECIALTY INSURANCE COMPANY,

    Defendant.
_____ /

## NOTICE OF REMOVAL

Defendant National Specialty Insurance Company, by and through the undersigned counsel, and hereby gives notice, pursuant to 28 U.S.C. 1441 *et seq.*, of the removal of this action from the Circuit Court of Osceola County, Florida, Case No.: 2022-CA-2840 CI, to the United States District Court for the Middle District of Florida (Orlando Division) based on the following:

    1.    On November 1, 2022, Plaintiff Marcy Martinez De Galvis (hereinafter "Plaintiff"), filed Plaintiff's Complaint against Defendant in the Circuit Court of Osceola County , Florida. *See Plaintiff's Complaint, attached hereto as "Exhibit A."*

    2.    Plaintiff alleges Defendant issued an insurance policy in favor of its insured, Plaintiff, for an insured property located at 1239 Pinewood Street,

Kissimmee, Florida ("the Insured Property"), which is within Seminole County. *Id*. at ¶ 4.

3. Plaintiff alleges the Insured Property suffered a loss on January 16, 2022, and that Defendant denied all or a portion of claim, or underpaid said claim, and thereby breached the insurance contract when it failed to pay the full extent of Plaintiff's allegedly covered damages. *Id*. at ¶ 5 & 9.

4. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and is between citizens of different States.

5. 28 U.S.C. § 1441(a) provides in pertinent part "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

6. Plaintiff's Complaint only alleges damages that exceed $30,000, sufficient for the jurisdiction of Florida's circuit courts. *Id*. at ¶ 1.

7. Also, Plaintiff's Complaint is silent as to the *citizenship* of the parties, only admitting that the "property is located at 1239 Pinewood Street, Kissimmee, Florida 34733." *Id*. at ¶ 4.

8. Therefore, as originally filed, this action was not removable to federal court.

9. 28 U.S.C § 1446(b)(3) provides, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." (Emphasis added)

10. 28 U.S.C. § 1446(c)(3) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)."

11. 28 U.S.C § 1332(c)(1) provides that a corporation is a citizen of any state in which it has been incorporated and of the state where it has its principal place of business. "For diversity purposes, a corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. § 1332(c)(1)." World Fuel Servs. v. Pan Am World Airways Dominicana, S.A. (Pawa Dominicana) Corp., No. 18-20321-Civ-WILLIAMS/TORRES, 2018 U.S. Dist. LEXIS 65426, at *7-8 (S.D. Fla. Apr. 17, 2018).

12. On December 15, 2022, Plaintiff emailed Defendant a demand in the amount of NINETY-EIGHT THOUSAND DOLLARS and 00/100 ($98,000.00). *See Plaintiff's Email Demand dated December 15, 2022, attached hereto as "Exhibit C."*

13. Defendant National Specialty Insurance Company is a foreign corporation with its place of incorporation and principal place of business in the State of Texas. *See the 2020 Foreign Profit Corporation Annual Report filed by Defendant NSIC with the Florida Secretary of State, attached hereto as "Exhibit B."* Therefore, Defendant is therefore a citizen of Texas.

14. Upon a reasonable search of property records on the Osceola County, Florida Property Appraiser's website, Defendant discovered that while Plaintiff does not claim a Homestead Exemption for the Insured Property, Plaintiff does own another home in Osceola County, Florida to which Plaintiff does claim the Homestead Exemption. *See Property Appraiser Website Printout attached hereto as "Composite Exhibit D."*

15. Plaintiff's claim of Homestead Exemption means that Plaintiff is a citizen of the State of Florida.

16. Since there is complete diversity between Plaintiff and Defendant and the amount-in-controversy exceeds Seventy-Five Thousand Dollars ($75,000),

exclusive of interest and costs, this case subject to the original jurisdiction of the Court under 28 U.S.C. § 1332 and removal is proper under 28 U.S.C § 1441(a).

18. Venue is proper in the United States District Court for the Middle District of Florida (Orlando Division) because the underlying state court case filed in the Ninth Judicial Circuit in and for Osceola County, Florida.

19. A complete copy of all process, pleadings, and orders filed in the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, Case No.: 2022-CA-2840 CI, is being filed contemporaneously with this Notice of Removal as required by 28 U.S.C. § 1446(a). Copies of the docket sheets from the aforementioned state court file are attached hereto.

20. In compliance with 28, U.S.C. § 1446(d), Defendant has provided written Notice of Removal to the Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida, a copy of which is included within other state court documents attached hereto.

**WHEREFORE** Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court of the Middle District of Florida (Orlando Division).

Date: January 13, 2023          Respectfully submitted,

By: */s/ Tamara A. Greer*
Tamara A. Greer (Fla. Bar No. 1004732)
Brian P. Henry (Fla. Bar No. 0089069)
ROLFES HENRY CO., LPA

5

           3191 Maguire Boulevard, Suite 160
           Orlando, Florida  32803
           Telephone:  (407) 284-4990
           Email: tgreer@rolfeshenry.com
              bhenry@rolfeshenry.com
              jamador@rolfeshenry.com
              kdeglman@rolfeshenry.com

           *Attorneys for Defendant*
           *National Specialty Insurance Company*

## **CERTIFICATE OF SERVICE**

 I HEREBY CERTIFY that a true and accurate copy of the foregoing has been served via e-mail on counsel for all parties at the email addresses below or has been served by automatic service by the Court's e-filing system, on this 13th day of January 2023:

Rebecca S. Lewis (Fla. Bar No. 118776)
Weisser Elazar & Kantor, PLLC
708 E. Colonial Dr., Suite 103
Orlando, FL 32803
Telephone:  (407) 698-5620
Email: rl@Weklaw.com
     mj@ Weklaw.com
     service@Weklaw.com

*Attorney for Plaintiff*

           */s/ Tamara A. Greer*
           Tamara A. Greer, Esq. (Fla. Bar No. 1004732)